# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31098
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EFRAIN GRIMALDO,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CR-95-2

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

A jury convicted Efrain Grimaldo of conspiracy to possess with intent to distribute five kilograms or more of cocaine. He appeals his conviction, arguing that the district court violated his Sixth Amendment right to counsel of his choosing by denying George O. Jacobs's motion to enroll as co-counsel. Grimaldo argues that the Government failed to show a serious potential for conflict based on Jacobs's prior representation of two cooperating witnesses,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31098

Sabino Duarte and David Garza. *See Wheat v. United States*, 486 U.S. 153, 159, 164 (1988).

Grimaldo limits his argument to Jacobs's statements during the hearing held pursuant to *United States v. Garcia,* 517 F.2d 272 (5th Cir. 1975), *abrogated on other grounds by Flanagan v. United States*, 465 U.S. 259, 263 & n.2 (1984); however, in later district court pleadings, those statements were shown to be inaccurate, and this court may affirm on any basis in the record, *see United States v. Grosz,* 76 F.3d 1318, 1324 n.6 (5th Cir. 1996). The entire record shows that the district court did not abuse its discretion by denying the motion to enroll. *See United States v. Sanchez Guerrero,* 546 F.3d 328, 332-33 (5th Cir. 2008).

Grimaldo and Duarte were codefendants in the instant case; Duarte pleaded guilty and testified against Grimaldo at trial. Jacobs previously represented Duarte throughout a state drug proceeding, including at trial, and he was convicted. The instant case and Duarte's prior state case were related. Thus, Grimaldo has not shown that the district court erred by determining that the Government had established a serious potential for conflict in connection with Jacobs's proposed representation of Grimaldo. *See Wheat*, 486 U.S. at 164.

Because we find that the district court's denial of the motion to enroll was proper vis-à-vis Jacobs's prior representation of Duarte, we need not address Grimaldo's arguments regarding Garza or the untimeliness of the motion. *See Grosz,* 76 F.3d at 1324 n.6. Finally, Grimaldo's argument that the district court applied the incorrect legal standard is belied by the record; as explained, the district court properly determined that there was a serious potential for conflict based on Jacobs's prior attorney-client relationship with Duarte.

The district court's judgment is AFFIRMED.